UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PHARMERICA CORPORATION                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12-CV-00511-CRS

CRESTWOOD CARE CENTER, L.P.                                                     DEFENDANT

## MEMORANDUM OPINION

This case is before the court on motion of the defendant, Crestwood Care Center, L.P. ("Crestwood"), to transfer venue to the United States District Court for the Northern District of Illinois, Chicago Division (DN 11). For the reasons set forth below, the Court will grant the motion to transfer venue.

## BACKGROUND

This case involves a contract dispute between Plaintiff Pharmerica Corporation ("Pharmerica") and Defendant Crestwood. In accordance with a "Pharmacy Services Agreement" entered into by the parties, Pharmerica provided pharmacy-related goods and services to the residents of a nursing home operated by Crestwood. (First Am. Compl., DN 5, at ¶¶ 7, 8). Crestwood allegedly refused to pay for these goods and services, (First Am. Compl. at ¶ 1), whereupon Pharmerica filed suit against Crestwood seeking to recover damages based on breach of contract, promissory estoppel, unjust enrichment, and account stated. (First Am. Compl. at ¶¶ 23–49). In response, Crestwood has filed the present Motion to Transfer Venue requesting that this Court transfer the action to the Northern District of Illinois, Chicago Division.

**STANDARD**

Section 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991). Although "district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate," *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009), courts within the Sixth Circuit have identified nine factors that should be considered in making this determination. These factors include:

(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*See Long John Silver's, Inc. v. Nickleson*, No. 3:11–CV–93–H, 2011 WL 5025347, at *4 (W.D. Ky. Oct. 21, 2011); *Cowden v. Parker & Associates, Inc* ., No. 5:09–CV–0323–KKC, 2010 WL 715850, at *2 (E.D. Ky. Feb. 22, 2010); *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 729 (E.D. Mich. 2006).

The moving party bears the burden of demonstrating that the balance of these factors weighs in favor of transfer. *Adams v. Honda Motor Co.*, No. 3:05–CV–120–S, 2005 WL 3236780, at *1 (W.D. Ky. Nov. 21, 2005). Although "the plaintiff's choice of forum should

rarely be disturbed… unless the balance [of convenience] is strongly in favor of the defendant," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, (1947), the plaintiff's choice is by no means dispositive. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Instead, the court's decision must be based on an "individualized, case-by-case consideration of convenience and fairness" that accords every relevant factor its due consideration and appropriate weight. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

## DISCUSSION

The parties do not dispute that this action could have originally been brought in the Northern District of Illinois. Thus, the only issue presented for the Court's decision is whether transfer is justified in light of the relevant public and private-interest factors. After considering all relevant factors, the Court concludes that the more appropriate forum for the resolution of this case is the Northern District of Illinois. Therefore, the Court will grant the motion to transfer venue.

i. **Convenience of the Witnesses**

All of the witnesses that have been identified by the parties are located in the Northern District of Illinois.[1] These include Pharmerica's Pharmacy Director Paul Colletti, Crestwood's President Shael Bellows, and former Crestwood employee Arisha Cardozo, all of whom live and work in the Chicago area. *See* (Declaration of Shael Bellows, DN 11-1, at ¶¶ 1, 4, 10, 11). Although the convenience of party witnesses is generally not a significant factor in determining whether transfer is appropriate, *see*

---

[1] Although Pharmerica submits that "not all witnesses have been identified or located," (Resp. in Opp'n to Mot. to Transfer, DN 16, at 5), Pharmerica cannot avoid transfer by relying solely on the bare possibility that there might be other witnesses without evidence suggesting that such witnesses actually exist. Thus, for the purposes of deciding Crestwood's Motion to Transfer Venue, the Court will only address the convenience of those witnesses identified by the parties in their briefs.

*Boiler Specialist, LLC v. Corrosion Monitoring Services, Inc.*, No. 1:12–CV–47, 2012 WL 3060385, at *3 (W.D. Ky. July 26, 2012) (stating that the "inconvenience [of non-party witnesses] is not given great weight in the transfer analysis."), it deserves consideration in cases such as this where all party witnesses reside in the same locale. *See Global Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, No. 5:12–314, 2013 WL 1187009, at *4 (E.D. Ky. Mar. 20, 2013) (concluding that the convenience of party witnesses did not favor transfer because "*neither forum will be convenient for all party witnesses*.") (emphasis added). In any event, however, the fact that the sole non-party witness is also located in Illinois would itself be sufficient for the convenience of the witnesses to weigh in favor of transfer. *See Boiler Specialist*, 2012 WL 3060385, at *3 ("Although convenience to party witnesses is important, '[i]t is the convenience of non-party witnesses... that is the more important factor and is accorded greater weight.'") (alteration in original). Thus, this factor weighs strongly in favor of transfer.[2]

## ii.     Relative Ease of Access to Sources of Proof

Because the only non-testimonial evidence in this case consists of books, records, and other tangible or electronic documents, the ease of accessing sources of proof will be equivalent in either forum. Although Crestwood argues that certain documents and records could be more easily obtained if the case were transferred to the Northern District of Illinois, technological advancements have made the electronic storage and transmission of information sufficiently expedient that the ease of accessing such evidence is not a major concern. *See Cowden v. Parker & Associates, Inc.*, No. 5:09–CV–0323–KKC, 2010 WL 715850, at *4 (E.D. Ky. Feb. 22, 2010) (holding that "the location of documentary evidence" did not weigh in favor of transfer because

---

[2] Although the testimony of these witnesses could be secured by deposition pursuant to Fed.R.Civ.P. 32(a)(4)(B), the Court is reluctant to force the parties to try their cases solely on deposition. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947) (stating that "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants."); *Valvoline Instant Oil Change Franchising, Inc. v. RFG Oil, Inc.*, 12–CV–39–KSF, 2012 WL 3613300, at *9 (E.D. Ky. Aug. 22, 2012).

"technological advancements have facilitated the electronic storage and transmission of documents from one forum to another."). Thus, this factor is a wash.

iii. **Convenience of the Parties**

Although Pharmerica objects that transfer would merely shift the burden of inconvenience, (Resp. in Opp'n to Mot. to Transfer Venue, DN 16, at 3), the respective geographic location of the parties as well as Pharmerica's litigation history suggests that the aggregate amount of party inconvenience would be significantly less if this case were transferred to the Northern District of Illinois. Whereas Pharmerica regularly conducts business in both Kentucky and Illinois, *see* (Mot. to Transfer Venue, DN 11, at 5), Crestwood operates exclusively in Illinois, *see* (Declaration of Shael Bellows, DN 11-1, at ¶ 9). Moreover, Pharmerica has filed at least three cases in the Northern District of Illinois within the past five years.[3] Given Pharmerica's willingness to conduct its affairs in the Northern District of Illinois, it is unlikely that Pharmerica would be significantly inconvenienced by having this case transferred there. In the absence of evidence suggesting that it would be equally convenient for Crestwood to litigate in the Western District of Kentucky, the Court thus concludes that the convenience of the parties weighs in favor of transfer.

iv. **Locus of Operative Facts**

The contract at issue was negotiated, executed, and performed in the Northern District of Illinois. (Declaration of Shael Bellows at ¶¶ 5, 8). The only connection that the contract has with Kentucky is the fact that Pharmerica's principal place of business is located in Louisville. (Resp. in Opp'n to Mot. to Transfer Venue at 6). Thus, the locus of the operative facts clearly weighs in favor of transfer.

---

[3] These cases include: *Pharmerica Chicago, Inc. v. Meisels*, No. 1:10-cv-02741 (N.D. Ill. filed May 3, 2010); *Pharmerica Corp. v. Advanced Healthcare Solutions, LLC*, No. 1:10-cv-00349 (N.D. Ill. filed Jan. 19, 2010); *Pharmerica Chicago, Inc. v. West Suburban Care Center, LLC*, No. 1:08-cv-03775 (N.D. Ill. filed July 2, 2008).

v. **The Forums' Relative Familiarity with Applicable Law**

To decide whether transfer is appropriate in light of the forums' relative familiarity with the applicable law, the Court must first determine which state's substantive law will apply. When a case is transferred pursuant to section 1404(a), the court "must apply the choice-of-law rules of the State from which the case was transferred." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 n. 8 (1981). Thus, regardless of whether the case is transferred, the choice-of-law issue will be governed by Kentucky law, which provides that contract disputes are governed by the law of the state with the most significant relationship to the contract. *Breeding v. Mass. Indem. & Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982). Given that the contract at issue was negotiated, executed, and performed in Illinois, (Declaration of Shael Bellows at ¶¶ 5, 8), there is little doubt that the state with the most significant relationship to the contract is Illinois. Thus, Illinois contract law will ultimately govern the resolution of this case. Although this Court is certainly competent to interpret and apply Illinois contract law, the greater familiarity of Illinois courts with Illinois case law makes transfer the preferred course of action. *See Global Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, No. 5:12–314, 2013 WL 1187009, at *4 (E.D. Ky. Mar. 20, 2013) ("While this Court certainly can apply non-forum law to the facts of a particular case, this factor nevertheless favors transfer to a Utah court with greater familiarity with Utah case law."). Thus, this factor weighs in favor of transfer.

vi. **The Weight Accorded the Plaintiff's Choice of Forum**

"[U]nless the balance [of convenience] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). However, the weight accorded the plaintiff's choice of forum "is… reduced… where the facts bear little connection to the chosen forum." *Adams v. Honda Motor Co.*, No. 3:05–CV–120-S,

2005 WL 3236780, at *1 (W.D. Ky. Nov. 21, 2005) (citing *Arrow Electronics, Inc. v. Ducommun Inc.*, 724 F.Supp. 264, 265 (S.D.N.Y. 1989)). Because the Western District of Kentucky has no connection with this case beyond the fact that Pharmerica's principal place of business is located in Louisville, the Court concludes that Pharmerica's choice of forum should not receive as much weight as the plaintiff's choice of forum generally deserves. Thus, although Pharmerica's choice of forum must be considered as a factor weighing against transfer, it will be accorded little weight.

vii. **Trial Efficiency and the Interests of Justice**

The relative efficiency of resolving the case in either forum is more or less identical. Although Crestwood has cited various statistics suggesting that litigation in the Northern District of Illinois would be more efficient than litigation in the Western District of Kentucky, (Mot. to Transfer Venue, DN 11, at 8–9), the differences revealed by these statistics are so insignificant that they do not warrant consideration in the transfer analysis. Thus, the trial-efficiency factor is a wash.

With respect to the interests-of-justice factor, Pharmerica and Crestwood advance competing public interests that they claim would be served by litigating the case in their respective forums of choice. According to Crestwood, the Illinois public has an important interest in resolving this case locally because the contract at issue concerns the provision of prescription medications and other services to nursing home patients who reside in the Northern District of Illinois. (Mot. to Transfer Venue at 8). On the other hand, Pharmerica argues that the Kentucky public has an equally important interest in having its courts "adjudicat[e] disputes arising from contracts to which its corporate residents are parties." (Resp. in Opp'n to Mot. to Transfer Venue, DN 16, at 6). Although these interests are both important, the Court concludes

that the public interest of Illinois should be accorded greater weight because of its direct relationship with the subject matter of the contract. In comparison, the interest of the Kentucky public is abstract and unrelated to the specific circumstances of this case. For these reasons, the interests-of-justice factor weighs in favor of transfer.

## CONCLUSION

After considering all relevant factors, the Court concludes that the Northern District of Illinois is the most appropriate venue for resolving this case. Litigation in that venue will not only be more convenient for the parties and the witnesses, but will also ensure that the case will be decided by judges most familiar with the applicable law. Moreover, transfer will serve to protect the interest of the Illinois public in having its courts resolve a dispute which concerns the health and well-being of its residents. Taken together, these factors are more than sufficient to overcome the slight weight accorded Pharmerica's choice of forum. For these reasons, the Court will grant Crestwood's Motion to Transfer Venue by separate order.

Charles R. Simpson III, Senior Judge
United States District Court

September 25, 2013